TUCKER, Judge.
This court exercised its supervisory jurisdiction and ordered a writ of certiorari to- review the proceedings in the trial court.
We are concerned here with seven suits, which were consolidated for trial in the court below,- wherein the common plaintiff in all of the actions, State of Louisiana, through the Department of Highways, filed the suits seeking the removal of signs and other related paraphernalia lying within 660 feet of the rights of way occupied by Federal Interstate routes. The State proceeded summarily against the defendants under the provisions of L.R.S. 48:461 et seq. (Act 474 of 1966).
Our review of the record reflects that the owners of the land on which the signs have been erected are not named as parties defendant or otherwise in the subject proceedings. Exceptions for failure to name indispensable parties defendant were filed by the named defendants in each suit. The landowners without question have property rights of value for the outdoor advertising sites, arid the law does not permit these rights to be adjudged without making the landowners parties to the litigation. C.C. P. Art. 641 provides as follows:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.”
Under the provisions of C.C.P. Art. 645 the trial or the appellate court may, on its own motion, take notice of the failure to join or implead an indispensable party.
The argument of the plaintiff to the effect that, if the landowners are to be made parties, the defendants ought to join them is without merit. Unquestionably under the posture of these suits the landowners stand to lose valuable property rights, and they are indispensable parties.
In view of our decision that the landowners are indispensable parties, at the present we cannot consider and pass upon the other procedural question raised, that is, whether or not the plaintiff-relator has available to it the use of summary process in these proceedings.
In this suit and in its companion cases, our Docket Nos. 9173, 9174, 9175, 9176, 9177 and 9178, the suits are remanded to the trial court under the provisions of C. C.P. Art 646 so that the landowners may be made parties to the various suits within thirty (30) days from the effective date of these decrees.
It is further ordered that, upon the amendment of the various petitions to in- *51 elude the landowners as parties defendants, the records of these suits be returned to this court so that we may determine whether or not the plaintiff-relator has available to it the use of summary process.
It is further ordered, adjudged and decreed that, in the event the various petitions are not amended to name the landowners within the prescribed delay shall stand dismissed and rejected as of non-suit.
The plaintiff-relator' is cast with the costs of this court for which it is bound by law; all other costs are to await final disposition of the litigation.
Remanded.